Argued and submitted August 9, order of DEQ and orders of Washington County affirmed August 31, 2000

Melanie PENNINGTON,
*Petitioner on Review,*

*v.*

OREGON DEPARTMENT OF
ENVIRONMENTAL QUALITY,
*Respondent on Review.*

(CC OOC13878; SC S47599 (Control))

Melanie PENNINGTON,
*Petitioner on Review,*

*v.*

WASHINGTON COUNTY,
*Respondent on Review,*

*and*

STATE OF OREGON,
*Respondent on Review.*

(CC 00C14299; SC S47742)

David WITHERS,
*Petitioner on Review,*

*v.*

WASHINGTON COUNTY,
*Respondent on Review,*

*and*

STATE OF OREGON,
by and through the
DEPARTMENT OF CORRECTIONS,
*Respondent on Review.*

(OOC14297; SC S47743)
(Cases Consolidated)

10 P3d 250

David J. Hunnicutt, Tigard, argued the cause and filed the brief for petitioner on review Pennington.

Gregory S. Hathaway, Portland, argued the cause for petitioner on review Withers. With him on the brief were E. Michael Connor and Davis Wright Tremaine LLP, Portland.

Mary Hazel Williams, Assistant Solicitor General, Salem, argued the cause for respondents on review State of Oregon and Oregon Department of Environmental Quality. With her on the briefs were Brendan C. Dunn, Assistant Attorney General, Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

No appearance for respondent on review Washington County.

PER CURIAM

## PER CURIAM

These three proceedings are consolidated for the purposes of argument and decision. Case S47599 is a proceeding for judicial review of an order of respondent on review Oregon Department of Environmental Quality (DEQ). The DEQ order certified that construction activities for the siting of a proposed women's prison and intake center in Washington County by the Department of Corrections (DOC) complied with water quality requirements established by Section 401 of the federal Clean Water Act. Petitioner on review Pennington, who owns property within sight and sound of the proposed prison site, asserts that DEQ erred in issuing the certificate to DOC without requiring DOC to demonstrate compliance with all applicable water-related statewide land use goals, Washington County Comprehensive Plan provisions, and zoning ordinances. Cases S47742 and S47743 involve challenges to a decision by a Washington County hearings officer to approve an application by DOC for a special use permit and a development review application for the siting of the proposed women's prison and intake center. Petitioner on review Withers owns property within sound of that site. Petitioners on review assert variously that the approval was erroneous because DOC failed to show that construction of the proposed prison intake site would comply with state and local land use laws.[1]

We have considered each argument advanced by petitioner on review Pennington in support of her claim that DEQ erred and that its order should be remanded to DEQ for further proceedings. Under the specific and limited scope of review granted to this court by ORS 421.647(3)[2], we conclude

---

[1] Petitioners on review filed these cases in Marion County Circuit Court, as required by ORS 421.647(2). That court, upon determining that the claims could be resolved without taking additional evidence, certified the cases to this court. *See* ORS 421.647(5) (setting that standard for certification). This court accepted those certifications, as required by ORS 421.647(5).

[2] ORS 421.647(3), which governs the scope of judicial review of orders like the one under consideration in this case, provides:

"The court may affirm, reverse or remand the decision or action [of the affected governmental agency]. The court shall reverse or remand the decision or action if the court finds that the entity making the decision or taking the action:

"(a) Exceeded its statutory or constitutional authority; or

that none is well taken. Because of the particular fact- and law-specific nature of this proceeding, an extended discussion of the reasons for our conclusion would not benefit the parties, bench, or bar.

We also have considered each argument advanced by petitioners on review Pennington and Withers in support of their claims in cases S47742 and S47743. In particular, we have examined the special statutory procedures concerning the present prison permitting that are applicable to local governments like Washington County. *See* ORS 421.645(1)-(3) (provisions governing permits for the site to be issued by various state and local agencies). We agree with DOC that, under the sweeping and general directive contained in those provisions, Washington County did not have the authority to act in the manner that petitioners on review now argue that it should have acted. It follows that, under the limited scope of review granted to this court by ORS 421.647(3), set out above in footnote 2, none of the arguments of petitioners on review is well taken. Again, because of the particular fact- and law-specific nature of this proceeding, an extended discussion of the reasons for our conclusion would not benefit the parties, bench, or bar.

The order of the Department of Environmental Quality and the orders of Washington County are affirmed.

---

"(b) Made a decision or took an action, the validity of which depends on the existence of one or more facts, when the requisite fact or facts do not exist."